FILED
United States Court of Appeals
Tenth Circuit

July 8, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LEPOLEON REDMOND, JR.,

Defendant-Appellant.

No. 10-3022
(D.C. No. 5:06-CR-40160-JAR-6)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY**, and **GORSUCH**, Circuit Judges.


Defendant Lepoleon Redmond, Jr., pleaded guilty, pursuant to a plea

agreement, to using a communication facility in committing, causing and

facilitating the distribution of cocaine. He was sentenced to 188 months'

imprisonment, at the low end of the advisory guideline range determined by the

district court. In his plea agreement, Mr. Redmond "knowingly and voluntarily

_____

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

waive[d] any right to appeal or collaterally attack any matter in connection with [his] prosecution, . . . conviction, or the components of the sentence imposed," if the sentence was "within the guideline range determined appropriate by the court." Mot. to Enforce, attached Plea Agreement at 10.

Not withstanding his appeal waiver, Mr. Redmond filed a notice of appeal seeking to challenge his sentence. In response, the government has filed a motion to enforce the appeal waiver in the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Mr. Redmond's attorney filed a response stating his belief that there are no meritorious grounds upon which Mr. Redmond can appeal his sentence or urge denial of the government's motion to enforce the appeal waiver, and that it was his intention to file an *Anders* brief in this matter. *See Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission to withdraw where counsel conscientiously examines a case and determines that an appeal would be wholly frivolous). This court gave Mr. Redmond an opportunity to file a pro se response to the motion to enforce, *see id*., and granted him an extension of time to reply by June 15, 2010, but to date, he has not responded.

Under *Anders*, we have conducted an independent review and examination of the motion to enforce. *See id.* This court will enforce a criminal defendant's waiver of his right to appeal so long as the following three conditions are met: (1) "the disputed appeal falls within the scope of the waiver of appellate rights,"

(2) the defendant's waiver of his appellate rights was knowing and voluntary, and (3) enforcing the waiver will not result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325. We have reviewed the plea agreement, the transcripts of the plea and sentencing hearings, and the response from Mr. Redmond's counsel, and we conclude that the *Hahn* factors have been satisfied.

Accordingly, we GRANT the government's motion to enforce the appeal waiver in the plea agreement, and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM